IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER KUZIW | : |
|     Plaintiff, | :   Civil Action No.: |
| v. | : |
| DUMMEN N.A., Inc. | : |
|     Defendant. | : |

**COMPLAINT AND JURY DEMAND**

I. **INTRODUCTION**

Plaintiff, Jennifer Kuziw, claims of Defendant, Dummen N.A., Inc., a sum in excess of $150,000 in damages upon causes of action whereof the following are a statement:

1. This is an action for an award of damages, attorneys' fee, and other relief on behalf of Plaintiff, Jennifer Kuziw a former employee of Defendant, who has been harmed by Defendant's sex-based discriminatory, harassing, and retaliatory employment practices.

2. This action arises under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), and is brought by the Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate, and intentional discrimination and retaliation with respect to her compensation, terms, conditions, and privileges of employment by the Defendant, based on her gender, female.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, and Title 42 U.S.C. §2000e-5(f), which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c). The situs of the discriminatory events occurred within this judicial district.

5. All conditions precedent to the institution of this suit have been fulfilled. On November 9, 2022, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission. This action was filed by the Plaintiff within ninety (90) days of receipt of said notice.

## III. PARTIES

6. Plaintiff, Jennifer Kuziw, is an individual and citizen of the Commonwealth of Pennsylvania who resides therein at 7401 Moyer Road, Harrisburg, Pennsylvania.

7. Defendant, Dummen N.A., Inc., was and is now a corporation organized and existing under the laws of the State of Ohio, with an address located at 250 South High Street, Columbus, Ohio.

8. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII.

## IV. STATEMENT OF CLAIMS

10. Plaintiff was employed by Defendant as a Sales Manager from on or about October 1, 2014 until on or about August 12, 2022, when she was constructively terminated from her position due to Defendant's discriminatory and retaliatory practices.

11. Plaintiff performed her job functions in a dutiful and competent matter throughout her employment.

12. At the time of her termination, Plaintiff was earning a salary of approximately $147,000 per annum, plus bonuses, healthcare, and other benefits.

13. Plaintiff also held an equity interest in the Defendant in the amount of $20,000, per her employment agreement.

14. Beginning in or about February, 2019, and continuing through the remainder of Plaintiff's employment, she was subject to a pattern and practice of ongoing gender-based harassment and discrimination by Keith Cable ("Cable), President for North America, and Andrew Konicki ("Konicki"), Director of Sales, and Plaintiff's supervisor.

15. This harassment and discrimination included, but was not limited to, being subjected to derogatory remarks by Cable that she was an "overpaid female", having her accounts removed from her by Konicki for unsubstantiated reasons, holding Plaintiff to different standards and expectations as compared to her male counterparts, failing to provide Plaintiff support in connection with the performance of her duties, being

subjected to remarks that her manager's goal was to make her environment so miserable that she would quit, and otherwise being treated in a hostile, antagonistic and discriminatory manner.

16. On or about August 20, 2021, Plaintiff made a written complaint to one of Defendant's Human Resources Representatives regarding the aforesaid harassment and discrimination by Cable and Konicki.

17. Plaintiff was informed that an investigation would be conducted regarding her complaint, however no remedial action was taken on her behalf.

18. Thereafter, Plaintiff made a second formal complaint to Human Resources on or about March 30, 2022. In addition to alerting Defendant to the continued discrimination and retaliation, she also advised that she had filed a formal complaint with the EEOC regarding these occurrences.

19. In response to her complaints, Human Resources failed to propose any viable solutions concerning her complaint or to properly remediate the discrimination and retaliation Plaintiff was experiencing.

20. Thereafter, the harassment continued subsequent to Plaintiff registering the aforesaid complaints.

21. In connection thereto, Plaintiff continued to be subjected to retaliation by Konicki in the form of continued harassment, exclusion from important communications, refusing to take Plaintiff's phone calls or communicate with her, criticizing her performance, and requiring that she prepare weekly travel logs when others were not required to do so.

22. Defendant's discriminatory and retaliatory practices continued and intensified, and as a result, Plaintiff was forced to resign her position of employment on August 2, 2022. Plaintiff was constructively discharged due to Defendant's discriminatory, retaliatory, and harassing conduct.

### COUNT I
### Title VII
### (Sex Discrimination)

23. Plaintiff incorporates by reference paragraphs 1 through 22 of her Complaint as though fully set forth herein at length.

24. Defendant has engaged in unlawful practices in violation of Title VII. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to, fostering, and perpetuating a gender-based discriminatory and hostile working environment, subjecting Plaintiff to unlawful sex discrimination, subjecting Plaintiff to more onerous working condition after she complained about said harassment, and constructively terminating Plaintiff.

25. As a direct result of Defendant Corporation's willful and unlawful actions in violation of Title VII, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
## Title VII
## (Retaliation)

26. Plaintiff incorporates by reference paragraphs 1 through 25 of her Complaint as though fully set forth at length herein.

27. The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff for opposing discrimination and in causing the Plaintiff to be harassed and thereafter, constructively discharged, constituted a violation of Title VII.

28. The Defendant's acts of discrimination and retaliation as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

29. As a direct result of Defendant's willful and unlawful actions in violation of Title VII, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

**PRAYER FOR RELIEF**

30. Plaintiff incorporates by reference paragraphs 1 through 29 of her Complaint as though fully set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against Defendant and order that:

    (a) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

(c) Defendant pay to Plaintiff punitive damages (under Title VII), pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d) The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

LOVITZ LAW FIRM, P.C.

By:_____
KEVIN I. LOVITZ, ESQUIRE
ID # 70184
1650 Market Street, 36th Floor
Philadelphia, PA 19103
(215) 735-1996 Phone
(215) 735-1515 Fax
*Attorney for Plaintiff, Jennifer Kuziw*